IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JAMES C. GREGORY | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 3:12CV00201 SWW |
| STATE OF ARKANSAS, ET AL. | * | |
| | * | |
| Defendants | * | |

## ORDER

Plaintiff James C. Gregory, proceeding *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 against state and municipal employees, sued in their official capacities only. Before the Court is the State's motion to dismiss (docket entries #17, #18). The time for responding has passed, and Plaintiff has not filed a response. After careful consideration, and for reasons that follow, the State's motion will be granted, and all remaining claims will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

### I.

Plaintiff sues Ralph Wilson, Jr., in his official capacity as Circuit Judge of the Second Judicial Circuit of Arkansas; Curtis Walker and Melanie Alsworth, in their official capacities as deputy prosecuting attorneys for Mississippi, Arkansas; Scott Adams, in his official capacity as a police officer for the City of Blytheville; and Ross Thompson, in his official capacity as the Chief of Police for the City of Blytheville.

Although the complaint allegations are far from clear, they indicate that Plaintiff was arrested for terroristic threatening and confined in jail for seventy-two days. It also appears that the charges against Plaintiff never proceeded to a jury trial.

Plaintiff charges that Defendant Wilson denied him the right to a jury trial, failed to rule on his motions, and ordered him to sit down. Plaintiff also claims that Defendants Walker and Alsworth dropped the charges against him and denied him a jury trial. Plaintiff charges that Defendant Adams "filed reports of the incident but lied about the dates," and Defendant Thompson searched his house and took property that has not been returned. By way of relief, Plaintiff seeks compensatory and punitive damages against each Defendant.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all facts alleged in the complaint are assumed to be true. *Doe v. Northwest Bank Minn., N.A.*, 107 F.3d 1297, 1303-04 (8th Cir. 1997). The complaint should be reviewed in the light most favorable to the plaintiff, *McMorrow v. Little*, 109 F.3d 432, 434 (8th Cir. 1997), and should not be dismissed if there are pled "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). A complaint cannot, however, simply leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *Id.* at 1968. Rather, the facts set forth in the complaint must be sufficient to nudge the claims "across the line from the conceivable to plausible." *Id.* at 1974.

## III.

Under the law of this Circuit, "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Johnson v.*

*Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (citations omitted); *see also Egerdahl v. Hibbing Comm. College*, 72 F.3d 615, 619 (8th Cir.1995). In this case, Plaintiff sues each defendant in his or her official capacity *only*. Accordingly, Plaintiff's claim against Defendants Wilson, Walker, and Alsworth are claims against the State, and his claims against Defendants Adams and Thompson are claims against the City.

The State asserts several grounds for dismissal, including judicial and prosecutorial immunity and sovereign immunity. Because Plaintiff sues Defendants in their official capacities only, the doctrines of judicial and prosecutorial immunity are inapplicable. *See VanHorn v. Oelschlager,* 502 F.3d 775, 779 (8th Cir. 2007)(quoting *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099(1985))("[t]he only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, qua entity, may possess, such as the Eleventh Amendment").

The doctrine of sovereign immunity, also known as Eleventh Amendment immunity,[1] shields a state from suit in federal court unless Congress has abrogated the state's immunity or the state consents to suit or waives its immunity. *See Edleman v. Jordan,* 415 U.S. 651, 663 (1974); *Murphy v. Arkansas*, 127 F.3d 750, 754 (1997). The State has not consented to suit or waived its immunity, and Congress did not abrogate the States' sovereign immunity when it enacted 42 U.S.C. § 1983. *See Burk v. Beene*, 948 F.2d 489, 492-93 (8th Cir. 1991). The Court

---

[1] The term "Eleventh Amendment immunity" is somewhat of a misnomer. The States' immunity from suit existed long before ratification of the Constitution, and it neither derives from or is limited by the Eleventh Amendment. "The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone but by fundamental postulates implicit in the constitutional design." *Alden v. Maine*, 119 S. Ct. 2240, 2254 (1999).

finds that Plaintiff's claims against the State, which include only claims for monetary damages, are barred under the doctrine of sovereign immunity.

The City has not joined in the motion to dismiss.  However, the federal statue governing *in forma pauperis* proceedings provides that a court shall dismiss a case at any time if the court determines that the action is frivolous or malicious or fails to state a claim upon which relief may be granted.  *Se*e 28 U.S.C. § 1915(e)(2).  In this case, the Court finds that Plaintiff's claims against Adams and Scott in their official capacity, which are claims against the City, are legally frivolous[2] and otherwise fail to state a claim on which relief may be granted.

It is well settled that a plaintiff may establish municipal liability under § 1983 by proving that his constitutional rights were violated by an "action pursuant to official municipal policy" or misconduct so pervasive among non-policymaking employees of the municipality "as to constitute a 'custom or usage' with the force of law."  *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998)(quoting *Monell v. Dep't of Social Servs. of the City of New York,* 436 U.S. 658, 691 (1978)).[3]  The complaint is void of a single allegation demonstrating any basis for

---

[2] A complaint is frivolous where it lacks an arguable basis either in law or fact.  *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

[3] "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who [is determined by state law to have] the final authority to establish governmental policy."  *Ware v. Jackson County, Mo.*, 150 F.3d 873, 880 (8th Cir. 1998)(quoting *Jane Doe A. v. Special Sch. Dist,* 901 F.2d at 642, 645 (8th Cir. 1990)).  Alternatively, "custom or usage" is demonstrated by: (1) the existence of continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) the plaintiff's injury by acts pursuant to the governmental entity's custom, *i.e.,* proof that the custom was the moving force behind the constitutional violation.  *Id.* (quoting *Jane Doe A.*, 901 F.2d at 646).

municipal liability. Accordingly, the Court finds that claims against the City should be dismissed with prejudice.

## IV.

For the reasons stated, the State's motion to dismiss (docket entry #17) is GRANTED, and the remaining claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2). Pursuant to the judgment entered together with this order, this action is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED THIS 15TH DAY OF OCTOBER, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE